This action was brought under R.C. 3103.03 (D), which states:
 (D) If a parent neglects to support the parent's minor child in accordance with this section and if the minor child in question is unemancipated, any other person, in good faith, may supply the minor child with necessaries for the support of the minor child and recover the reasonable value of the necessaries supplied from the parent who neglected to support the minor child.
Under the plain language of the statute, anyone, i.e., appellee can recover from the child's parent, appellant. The majority's reliance on Weinman is misplaced. Weinman held a husband has no standing under R.C. Chapter 3111 to recover from the child's biological father. Here, appellee has not sought to establish or enforce a support order under R.C. 3111.01 et seq. This is not a paternity case nor is it a support case. The Supreme Court's rationale in Weinman regarding the legislative intent in enacting R.C. Chapter 3111 is irrelevant here, as is the Court's discussion of common law rights. The issue here is the statutory right contained in R.C. 3103.03 (D), and the legislative intent is clearly and unambiguously that appellee should recover. I would affirm the trial court's judgment.